# 3:21-cv-3014-LTS-KEM

## IN THE IOWA DISTRICT COURT IN AND FOR EMMET COUNTY

| | |
|---|---|
| VICTORIA ABRAHAMSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BEN SCHEEVEL,<br>BRENT SHATTO,<br>MIKE WEBBER,<br>ESTHERVILLE POLICE DEPARTMENT,<br>CITY OF ESTHERVILLE, and<br>EMPLOYEES CREDIT UNION,<br><br>　　　　　Defendants. | Case No.<br><br><br>**PETITION AT LAW<br>AND<br>JURY DEMAND** |

COMES NOW, the Plaintiff Victoria Abrahamson, and for her cause of actions against the Defendants, states as follows:

### JURISDICTION

1. On April 10, 2019, Defendant Estherville Police Department Officer Ben Scheevel (hereinafter "Officer Scheevel") and Defendant Mike Webber (hereinafter "Webber") repossessed Plaintiff Victoria Abrahamson's vehicle and transported it to Defendant Employees Credit Union (hereinafter "ECU") in Estherville, Emmet County, Iowa.

2. From April 11, 2019 through April 15, 2019, while on duty in the City of Estherville, Emmet County, Iowa, Officer Scheevel abused his authority as a law enforcement officer and as an agent of ECU by offering help to recover her recently impounded vehicle in exchange for sexual favors.

3. On April 12, 2019, Plaintiff and her mother Kylie Abrahamson reported Officer Scheevel's egregious misconduct to Defendant Estherville Police Department Chief of

Police Brent Shatto (hereinafter "Chief Shatto") in Estherville, Emmet County, Iowa. Despite Chief Shatto receiving his officer's illicit messages and receiving information that Officer Scheevel had sexually harassed and propositioned another young woman during the course of his employment at the Estherville Police Department, Chief Shatto took no action to prevent his officer's continued contact with the Plaintiff.

4. From April 10, 2019 through April 15, 2019, and at all times referenced herein, Officer Scheevel was a police officer and Chief Shatto was the chief of police with the Estherville Police Department (hereinafter "EPD") in Estherville, Emmet County, Iowa.

5. From April 10, 2019 through April 15, 2019, and at all times referenced herein, Officer Scheevel and Webber were agents of ECU.

6. ECU is located at 2714 Central Avenue, Estherville, Emmet County, Iowa, it is regulated by the Iowa Credit Union Act established in 1925.

7. EPD is a public entity endorsed by the City of Estherville, Emmet County, Iowa, and its purpose is to protect and serve the citizens and people within the City of Estherville.

8. The acts that gave rise to the Plaintiff's cause of actions occurred within Emmet County, Iowa.

## STATEMENT OF FACTS

Plaintiff pleads the allegations asserted in paragraphs numbered one (1) through eight (8) as if fully set forth herein.

9. In 2017, Plaintiff obtained financing through ECU to purchase a 2011 Chevrolet Traverse (hereinafter "the vehicle" or "Plaintiff's vehicle").

2

10. On Wednesday, April 10, 2019, Officer Scheevel and Webber made contact with the Plaintiff and repossessed her vehicle at the direction and to the benefit of ECU. Officer Scheevel and Webber then transported the vehicle to ECU's property in Estherville, Iowa.

11. Prior to repossessing her vehicle, the Plaintiff had no relationship with, nor ever recalled meeting, either Officer Scheevel or Webber.

12. Officer Scheevel learned that Plaintiff was a single mother and a full-time nursing student.

13. Plaintiff contacted ECU to inquire about her vehicle. ECU Loan Officer Laurel Hash informed the Plaintiff that ECU would return her vehicle if she paid ECU approximately $1,500, which included its repossession fee.

14. Thereafter, on Thursday evening, April 11, 2019, Officer Scheevel began sending the Plaintiff private, unsolicited messages through Facebook, in which he confirmed that she was unable to pay the amount necessary for ECU to return her vehicle.

15. Officer Scheevel then messaged the Plaintiff that she was "the hottest looking one we have ever repoed a car from," informed the Plaintiff that he was an officer with the EPD, and offered his and Webber's help to regain possession of her vehicle if she provided them sexual favors.

16. Specifically, in exchange for Officer Scheevel's and Webber's help, Officer Scheevel requested that Plaintiff give them a "BJ or some booty" and to send "a few pictures" of herself.

17. Officer Scheevel messaged the Plaintiff that if he were to help, they "would need to keep it on the DL" because he was married.

18. The Plaintiff repeatedly refused Officer Scheevel's sexual bribes.

3

19. Despite the Plaintiff refusing his offers for "help," Officer Scheevel subtly threatened to use his power as an EPD officer to cause "trouble" for the Plaintiff if she did not provide him and Webber naked pictures of herself.

20. Specifically, on Friday, April 12, 2019, immediately after requesting "dirty pics" from the Plaintiff for the return of her vehicle, Officer Scheevel brought up the name of her son's father, Levi Olson, who resided at that time in Estherville, Emmet County, Iowa.

21. Officer Scheevel asked the Plaintiff what she thought about Mr. Olson, to which the Plaintiff responded that he was a fine father, but "[j]ust need[ed] to get his head on straight."

22. Immediately thereafter, Officer Scheevel sent the Plaintiff the following message: "Yeah… He hasn't been in trouble with us in awhile. But I have my suspicions."

23. Plaintiff feared that if she did not agree to Officer Scheevel's sexual advances, then he would use his power as a law enforcement officer to cause herself and her son's father undeserved trouble.

24. Consequently, on April 12, 2019, Plaintiff contacted her mom Kylie Abrahamson (hereinafter "Mrs. Abrahamson") about Officer Scheevel, and reported that he was attempting to extort sex and requesting "dirty pictures" from her. Plaintiff also sent Mrs. Abrahamson Officer Scheevel's messages.

25. Unfortunately, this was not the first time Mrs. Abrahamson had heard about Officer Scheevel's harassing and sexually exploitive behaviors towards young women as an EPD officer.

26. Approximately one year prior, Hana Schroeder (hereinafter "Ms. Schroeder") confided in Mrs. Abrahamson that Officer Scheevel engaged in similar misconduct towards her while he worked as an EPD officer.

27. Specifically, Officer Scheevel pulled into Ms. Schroeder's driveway unannounced and uninvited to inform her that EPD handled the disturbance at a rental property down the road—a disturbance she never called in or complained about.

28. At that time, Ms. Schroeder was a recently separated 27-year-old single mother who worked as a certified nursing assistant.

29. The following morning, Ms. Schroeder woke to find unsolicited messages and friend requests from Officer Scheevel on her social media pages, and his behavior and messages to Ms. Schroeder became alarming over time, including:

      a. Routinely parking his patrol vehicle near her home at the time she would leave to work each day (which she had never saw prior to his initial contact);

      b. Sending Ms. Schroeder Snapchat messages that he clocked her for speeding, but that he would be nice and not give her a ticket;

      c. Sending Ms. Schroeder unsolicited messages as to her then boyfriend's whereabouts and dealings in the City of Estherville; and

      d. Sending Ms. Schroeder late night Snapchat messages that he could see certain lights on in her house, and how he wanted to show up at her front door.

30. Eventually, Ms. Schroeder deleted and blocked Officer Scheevel from all social media accounts so he could no longer message or find her online.

31. Similar to Ms. Schroeder, Plaintiff feared that if she reported Officer Scheevel to law enforcement, no action would be taken and she would face retaliation from the EPD.

32. Nevertheless, on the evening of April 12, 2019, Mrs. Abrahamson and Plaintiff reported Officer Scheevel to Chief Shatto.

33. Specifically, Mrs. Abrahamson went to Chief Shatto's home and personally provided him the illicit messages from Officer Scheevel. Plaintiff also informed Chief Shatto that she felt threatened due to Officer Scheevel's messages about her son's father, Levi Olson.

34. After reading through the messages, Chief Shatto informed Mrs. Abrahamson and Plaintiff that there were much more important things he was dealing with in Estherville at that time, and from his perspective, the messages did not rise to the level where any action could be taken against Officer Scheevel.

35. Chief Shatto suggested that Plaintiff could continue messaging him "to see how far he would go."

36. Plaintiff told Chief Shatto that she was not comfortable doing so, which is when Mrs. Abrahamson reported to Chief Shatto about Officer Scheevel previously harassing Ms. Schroeder.

37. Chief Shatto responded, "What would you like to see out of this? Because I can't take his badge for this."

38. Chief Shatto still gave his assurances that he would handle the issue and speak with Officer Scheevel that night, but asked Mrs. Abrahamson and the Plaintiff "to keep this quiet" because it would "be a black eye for our law enforcement if this got out."

6

39. Chief Shatto never contacted Officer Scheevel following the aforementioned meeting, and he left on vacation to Arizona the next morning.

40. Plaintiff, however, continued to receive degrading messages from Officer Scheevel.

41. Officer Scheevel messaged Plaintiff that his job as an EPD officer was not as "fun" since the bar called "Fat Boys" closed in the City of Estherville. Officer Scheevel explained that he had "fun messing with people... outside or leaving" the bar, and admitted that he was "mean."

42. Officer Scheevel informed Plaintiff that his wife and children were away for the weekend, and inquired whether she was home alone.

43. Despite removing Officer Scheevel as a connected Facebook contact, Plaintiff continued to receive degrading messages from Officer Scheevel.

44. On Monday, April 15, 2019, letters were issued to ECU, EPD, and the City of Estherville demanding that Officer Scheevel terminate his communication with the Plaintiff immediately.

45. Plaintiff received no more messages from Officer Scheevel.

46. As employees and/or agents of ECU, Officer Scheevel and Webber received Plaintiff's personal information allowing them to repossess the Plaintiff's vehicle on ECU's behalf.

47. As employees and/or agents of ECU, Officer Scheevel and Webber were in positions of authority over the Plaintiff, and during the scope of their employment, they used this power to degrade and attempt to sexually exploit the Plaintiff for the return of her repossessed vehicle.

48. As a police officer of the EPD, Officer Scheevel was further in a position of authority over the Plaintiff, which he used, unsuccessfully, to coerce the Plaintiff into providing him and Webber "dirty pictures" and sexual favors.

49. That Officer Scheevel was an employee of the EPD and the City of Estherville at the time he sent Plaintiff the aforementioned messages.

50. That Chief Shatto had actual knowledge of Officer Scheevel's misconduct towards the Plaintiff, and he did nothing to stop it.

51. As a result of Chief Shatto's failure, Plaintiff continued to receive inappropriate and degrading requests and communication from Officer Scheevel.

52. Plaintiff Victoria Abrahamson has suffered damages as a result of the aforementioned conduct.

## CLAIM AGAINST SCHEEVEL, SCHATTO WEBBER, ECU, EPD, AND CITY OF ESTHERVILLE

### COUNT I—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff pleads the allegations asserted in paragraphs numbered one (1) through (52) as if fully set forth herein.

53. Officer Scheevel using his positions of authority through ECU and EPD to repeatedly request sexual favors from the Plaintiff—who he knows to be young, single, and financially vulnerable—in exchange for the vehicle he and Webber recently repossessed constitutes outrageous conduct.

54. Webber using his position of authority as an employee of ECU to request, through Officer Scheevel, sexual favors from the Plaintiff—who he knows to be young and

8

financially vulnerable—in exchange for the vehicle he and Officer Scheevel repossessed constitutes outrageous conduct.

55. Chief Shatto's decision to allow Officer Scheevel to continue to degrade and coerce Plaintiff into providing him sexual favors, knowing his officer was doing so while on duty as an EPD officer and that it was causing Plaintiff great emotional distress, constitutes outrageous conduct.

56. Officer Scheevel and Webber acted to intentionally cause, or with reckless disregard of the probability that their outrageous conduct would cause Plaintiff emotional distress.

57. Chief Shatto acted with reckless disregard of the probability that his outrageous conduct would cause Plaintiff emotional distress.

58. That Plaintiff suffered severe emotional distress.

59. Officer Scheevel, Webber, and Chief Shatto's outrageous conduct was the actual and proximate cause of Plaintiff's emotional distress.

60. Officer Scheevel and Webber's outrageous actions occurred within the scope of their employment with ECU.

61. Officer Scheevel and Chief Shatto's outrageous actions occurred within the scope of their employment with the EPD and the City of Estherville.

62. Accordingly, Plaintiff is entitled to an award of all damages against Officer Scheevel, Chief Shatto, Webber, ECU, EPD, and the City of Estherville.

63. Furthermore, Plaintiff is entitled to an award of exemplary damages against Officer Scheevel, Chief Shatto, Webber, and ECU.

9

WHEREFORE, Plaintiff, Victoria Abrahamson prays for judgment against Officer Scheevel, Chief Shatto, Webber, ECU, EPD, and the City of Estherville in an amount that will fully and fairly compensate her for the injuries and damages sustained, interest as provided by law, and exemplary damages from Officer Scheevel, Chief Shatto, Webber, and ECU.

## CLAIMS AGAINST SCHEEVEL, ECU, EPD, AND CITY OF ESTHERVILLE
### COUNT II—CIVIL EXTORTION

Plaintiff pleads the allegations asserted in paragraphs numbered one (1) through (63) as if fully set forth herein.

64. That Officer Scheevel, with the purpose of obtaining for himself and Webber sexual favors and naked pictures from Plaintiff, made the following threats:

    a. threatened to accuse Levi Olson of a public offense,

    b. threatened to take action against Levi Olson as a law enforcement officer of the EPD and employee of the City of Estherville, and

    c. threatened to withhold action in returning the vehicle he impounded as an employee of ECU, a law enforcement officer of the EPD, and employee of the City of Estherville.

65. That Officer Scheevel communicated these threats and directed them to the Plaintiff.

66. That Officer Scheevel's actions were the actual and proximate cause of the Plaintiff's damages, including severe emotional distress.

67. Accordingly, Plaintiff is entitled to an award of all damages against Officer Scheevel, ECU, EPD, and the City of Estherville.

68. Furthermore, Plaintiff is entitled to an award of exemplary damages against Officer Scheevel and ECU.

WHEREFORE, Plaintiff, Victoria Abrahamson prays for judgment against Officer Scheevel, ECU, EPD, and the City of Estherville in an amount that will fully and fairly compensate her for the injuries and damages sustained, interest as provided by law, and exemplary damages from Officer Scheevel and ECU.

## CLAIMS AGAINST ECU, EPD, AND CITY OF ESTHERVILLE
## COUNT III—NEGLIGENT SUPERVISION AND REGULATION

Plaintiff pleads the allegations asserted in paragraphs numbered one (1) through (68) as if fully set forth herein.

69. That a special relationship exists between on-duty EPD officers and law-abiding citizens who have a reasonable expectation that law enforcement officers will serve and protect them.

70. That EPD and the City of Estherville owe a duty of care to provide reasonable supervision and regulation of its officers and employees.

71. That a special relationship exists between ECU and its customers who entrust them with sensitive financial records and personal contact information.

72. That ECU owes a duty of care to provide reasonable supervision and regulation of its employees or agents who repossess its customers' property.

73. That the EPD and the City of Estherville knew, or in the exercise of reasonable care should have known, of Officer Scheevel's unfitness or dangerous characteristics at the time Officer Scheevel engaged in wrongful and tortious conduct against Plaintiff.

11

74. That the EPD and the City of Estherville knew, or in the exercise of reasonable care should have known, of Chief Shatto's unfitness at the time he engaged in wrongful or tortious conduct against Plaintiff.

75. That ECU knew, or in the exercise of reasonable care should have known, of Officer Scheevel and Webber's unfitness or dangerous characteristics at the time they engaged in wrongful and tortious conduct against Plaintiff.

76. That through EPD and the City of Estherville's negligent supervision and/or regulation of Officer Scheevel, his unfitness or dangerous characteristics was the actual and proximate cause of Plaintiff's damages, including emotional distress.

77. That through EPD and the City of Estherville's negligent supervision and/or regulation of Chief Shatto, his unfitness was the actual and proximate cause of Plaintiff's damages, including emotional distress.

78. That through ECU's negligent supervision and/or regulation of Officer Scheevel and Webber, their unfitness or dangerous characteristics was the actual and proximate cause of Plaintiff's damages, including emotional distress.

79. That Officer Scheevel and Chief Shatto had an employment relationship with EPD and the City of Estherville.

80. That Officer Scheevel and Webber had an employment or agency relationship with ECU.

81. EPD and the City of Estherville were aware of Officer Scheevel's wrongful or tortious acts towards Plaintiff when she and Mrs. Abrahamson reported his illicit behavior and provided his messages to Chief Shatto.

82. EPD and the City of Estherville's negligent supervision and/or regulation of Officer Scheevel facilitated his continued wrongful conduct, which was the actual and proximate cause of the Plaintiff's damages.

83. Accordingly, Plaintiff is entitled to an award of all damages against ECU, EPD, and the City of Estherville.

84. Furthermore, Plaintiff is entitled to an award of exemplary damages against ECU.

WHEREFORE, Plaintiff, Victoria Abrahamson prays for judgment against ECU, EPD, and the City of Estherville in an amount that will fully and fairly compensate her for the injuries and damages sustained, interest as provided by law, and exemplary damages from ECU.

## COUNT IV— Violation 42 U.S.C. § 1983 (Officer Ben Scheevel)

Plaintiff pleads the allegations asserted in paragraphs numbered one (1) through (84) as if fully set forth herein.

85. Officer Scheevel's conduct constituted a deprivation of Plaintiff's right to privacy by using his authority as a police officer to obtain her phone number, address, and other personal information, and using this information for the improper purpose of harassing her, rather than to achieve the legitimate objectives of EPD.

86. Officer Scheevel violated Plaintiff's constitutional right to equal protection under the law by using his authority as a police officer to obtain Plaintiff's phone number, address, and other personal information, and using it for his own sexual gratification in the form of sexually harassing Plaintiff.

87. Officer Scheevel acted under color of state law when he wrongfully used Plaintiff's personal information to harass her. His actions occurred while he was on duty as an EPD

13

Police Officer. He identified himself as a police officer of EPD during his harassing correspondence and offered to help Plaintiff recover her vehicle – which he impounded – in exchange for sexual favors.

88. In harassing Plaintiff, Officer Scheevel used power he possessed only by virtue of his position as an EPD Police Officer. He abused his position, thereby acting under color of state law.

89. Officer Scheevel's actions were a direct and proximate cause of the violations of Plaintiff's right to privacy and to equal protection and directly and proximately caused her injuries and mental suffering as set forth more fully above and thus violated 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Victoria Abrahamson demands actual and compensatory damages against Defendant Ben Scheevel and because he acted maliciously, wantonly or oppressively, punitive damages, plus the costs of this action, attorneys' fees and such other and additional relief as this Court deems appropriate.

## COUNT V— Violation 42 U.S.C. § 1983 (Chief of Police Brent Shatto)

Plaintiff pleads the allegations asserted in paragraphs numbered one (1) through (89) as if fully set forth herein.

90. Chief Shatto, as Officer Scheevel's direct supervisor, knew Officer Scheevel had a history of abusing his official position to harass women. When Chief Shatto was notified of Officer Scheevel's behavior regarding Plaintiff his response was to inform Plaintiff that there were more important things going on in Estherville and that she should stay quiet because it would reflect poorly on the EPD if it were to get out. Rather than address the

problem, he took no action against Officer Scheevel, and then left for vacation the very next day.

91. Despite Plaintiff providing Chief Shatto with the messages from Officer Scheevel, Chief Shatto did nothing to prevent Officer Scheevel from harassing Plaintiff. He did not restrict his job duties nor did he address Officer Scheevel's conduct in any way. In failing to do so, Chief Shatto acquiesced in Officer Scheevel's acts of harassment.

92. The actions of Chief Shatto were a direct and proximate cause of violations of Plaintiff's right to privacy and to equal protection, and directly and proximately caused her injuries and mental suffering as set forth more fully above, and thus violated 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Victoria Abrahamson demands actual and compensatory damages against Defendant Chief of Police Brent Shatto and because he acted maliciously, wantonly or oppressively, punitive damages, plus the costs of this action, attorneys' fees and such other and additional relief as this Court deems appropriate.

## COUNT VI— Violation 42 U.S.C. § 1983 (Estherville Police Department and City of Estherville)

Plaintiff pleads the allegations asserted in paragraphs numbered one (1) through (92) as if fully set forth herein.

93. Pursuant to 42 U.S.C. § 1983, public entities are liable for constitutional violations when execution of their official policy or custom deprives an individual of her constitutional rights. A public entity is also liable for constitutional violations when its failure to establish a policy or procedure or to properly train, supervise, and/or discipline its employees

15

amounts to deliberate indifference to the rights or persons with whom its employees come into contact.

94. Upon information and belief, Chief Shatto, EPD and the City of Estherville acted with deliberate indifference to the constitutional rights of Plaintiff through the conduct and omissions set forth above, which consist of the following customs, policies, and/or patterns of practice:

    a. Failing to adequately train and supervise EPD personnel to ensure they do not sexually harass the individuals with whom they are supposed to protect and serve.

    b. Failing to establish policy or procedure to address issues of sexual harassment by members of EPD when brought to the attention of the Police Chief, EPD and/or the City of Estherville.

    c. Failing to adequately investigate and discipline Officer Scheevel for his sexual harassment of Plaintiff and others.

95. Based on the facts set forth above, EPD and the City of Estherville were on actual and/or constructive notice that the absence of a proper policy regarding the handling of complaints of sexual harassment by their officers would likely result in violations of community members' constitutional rights.

96. As a direct and proximate result of Chief Shatto, EPD and the City of Estherville's failure to establish a proper policy regarding sexual harassment by its police officers and/or to properly train, supervise, investigate or discipline its employees regarding sexual harassment, violations of Plaintiff's right to privacy and to equal protection

occurred which directly and proximately caused her injuries and mental suffering as set forth more fully above, and thus violated 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff Victoria Abrahamson demands actual and compensatory damages against Defendants Chief of Police Brent Shatto, EPD and the City of Estherville and because they acted maliciously, wantonly or oppressively, punitive damages, plus the costs of this action, attorneys' fees and such other and additional relief as this Court deems appropriate.

<h3 style="text-align:center">JURY DEMAND</h3>

Plaintiff hereby requests trial by jury for all claims and issues asserted herein.

Respectfully Submitted,

Christopher D. Sandy
SANDY LAW FIRM, P.C.
304 18th Street, PO Box 445
Spirit Lake, IA 51360
Ph: (712) 336-5588
Email: christopher@sandylawpractice.com

Michael L. Sandy
SANDY LAW FIRM, P.C.
304 18th Street, PO Box 445
Spirit Lake, IA 51360
Ph: (712) 336-5588
Email: michael@sandylawpractice.com

Thor J. Klinker
SMITH, GRIGG, SHEA & KLINKER, P.C.
120 S. Hayes Ave.
PO Box 98
Primghar, IA 51245-0098
Phone: (712) 957-5465
Fax: (712) 957-0121
Email: tklinker@tcaexpress.net


ATTORNEYS FOR PLAINTIFF